DENNIS F. HAMMOND, plaintiff in error, *vs.* T. A. POOLE *et al.*, defendants in error.

Whilst a *mandamus nisi* may be issued in vacation, it must be returned and acted upon in term, notwithstanding the act of 1877, that act having reference alone to the mode of bringing up *mandamus* cases to this court, and not altering the law in regard to the return, hearing and decision upon the *mandamus* absolute.

*Mandamus.* Practice in the Superior Court. Before Judge PEEPLES. Fulton County. At Chambers. March 3d, 1877.

Reported in the opinion.

D. F. & W. R. HAMMOND; P. L. MYNATT, for plaintiff in error.

HOPKINS & GLENN; HOKE SMITH, for defendants.

JACKSON, Judge.

The court below granted a *mandamus* absolute in vacation in this case, but afterwards revoked the order as improvidently granted. The single question is, whether the court had the legal authority to pass the order for a *mandamus* absolute in vacation. The Code denies the jurisdiction of the court to make the *mandamus* absolute in vacation. Code, §3201.

The act of 1877 only provides how the judgment of the superior court may be brought to this court. It enables the party aggrieved to bring the judgment granting or refusing the application *nisi*, or refusing or granting the *mandamus* absolute, to this court at once, like injunction cases; but it does not alter the rules for the return, hearing, and decision of the *mandamus* in the court below. Any other construction of the act of 1877 would deprive the parties of the right to try issues of fact in the last resort before a jury, which is contrary to the policy of our law, and the

practice of the courts in this state. The act of 1877 may stand as a valid and good law for expediting the ultimate decision of cases by this court, without annihilating the great right of the parties to have the jury pass upon the facts in the last resort, and a construction which will harmonize its provisions with this right, and yet give them complete effect, is the wiser and better construction of the act, and, we doubt not, that such construction accords with the intention of the general assembly, as it does with the sense and spirit of the law.

Judgment affirmed.